**KAREN BROWN, CORPORATION COUNSEL**
**CITY OF NEWARK – DEPARTMENT OF LAW**
**920 Broad Street, Room 316**
**Newark, New Jersey 07102**
**Attorney for Defendant/Appellee City of Newark (and for the improperly pled entity, "Newark Police Department")**

**By:   Gary S. Lipshutz, Esq.**
         **Assistant Corporation Counsel**
         **Telephone (973) 733-5945**
         **Facsimile (973) 733-5394**

### UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

| | |
|---|---|
| **ZDENKA SIMKOVA**, | CASE NO. 14-2076 |
| Plaintiff/Appellant, | |
| v. | |
| **CITY OF NEWARK, NEWARK POLICE DEPARTMENT, CITY OF GARFIELD, GARFIELD POLICE DEPARTMENT, OFFICE OF THE NEW JERSEY STATE MEDICAL EXAMINER, ETERNITY FUNERAL SUERVICES, LLC, ZHONGXUE HUA, M.D. Ph.D.** (Individually and in his official capacity), **MONICA CALDERON** (individually and in her official capacity), | **MOTION TO STRIKE PORTIONS OF PLAINTIFF/APPELLANT'S APPENDIX AND BRIEF**<br><br>**MOTION TO STAY DEADLINE FOR THE FILING OF APPELLEE CITY OF NEWARK'S MERITS BRIEF** |
| Defendant/Appellees. | |

Appellee City of Newark ("City") respectfully moves this Court to strike those portions of Plaintiff/Appellant's[1] Brief and Appendix that concern matters not considered by the district court below. This motion is required because Plaintiff's submissions contain documents that were never considered by the district court in connection with the matter on appeal. Moreover, Plaintiff improperly offers arguments in her brief based upon those never-considered materials.

The City further seeks to stay the deadline (presently, August 22, 2014) for the filing of its merits brief until after its motion to strike is decided. The Plaintiff's inclusion of improper material, in both her Brief and Appendix, significantly complicates and distorts the questions to be decided on appeal. Neither this Court nor the City should be required to confront, on first instance on this appeal, matters not considered by the district court below and outside the scope of its decision. Moreover, Plaintiff's tactic of including such material is a backdoor effort to force this Court to engage in improper fact finding of the first-instance, which is prohibited by rule and precedent. For the sake of judicial economy, and in conjunction with well-established precedent, the City should only be required to address those materials and arguments that were before the district court at the time the district court ruled.

---

[1]     Plaintiff/Appellant will be referred to herein as "Plaintiff."

**BACKGROUND**

This is an appeal from an Opinion and Order of the district court on the City's motion to dismiss on the pleadings. The City filed a motion to dismiss in the district court pursuant to *F.R.C.P.* 12(b)(6), arguing that Plaintiff failed to state a cause of action. *See,* Plaintiff's Appendix Vol. I, p. 46.[2] Plaintiff filed Opposition. PA74. Included in the Plaintiff's Opposition were four exhibits: the complaint, PA95; an autopsy report, PA109; the Medical Examiner's investigation report, PA118; and, a Certificate of Death, PA120. The City filed a Reply. PA276. The City's Reply included a police incident report and a police event chronology. PA281-84.

During the period that the motion was pending before the district court, the City obtained additional documents as part of its internal investigation and forwarded them to the district court for its consideration in connection with the motion to dismiss. These documents included a police continuation report, PA480; fingerprint cards, PA481-84; and a second police continuation report, PA485.

These above-identified items represented the totality of documents that were before the district court on the City's motion to dismiss. The parties argued the City's motion, as well as the other defendants' motion, before the district court on March 12,

---

[2] The Appendix prepared by the Plaintiff will be abbreviated herein as "PA".

2014. U.S.D.C., Docket Entry 49. The district court issued its Opinion and Order on March 31, 2014. PA4. Plaintiff has appealed to this Court, specifically seeking a reversal of *that* Order of dismissal. PA1-2.

However, Plaintiff has also included in her Appendix items concerning the Plaintiff's subsequently-filed motion for reconsideration. PA300. The Plaintiff's Appendix contains the parties' briefs on that later-filed motion, as well as many documents that were never before the district court, and were never considered by the district court, as part of its March 31, 2014 Opinion and Order which is the subject of this appeal. Plaintiff has acknowledged that her motion for reconsideration is still pending before the district court, meaning that the district court *still* has never considered these newly-submitted documents in the context of its March 31, 2014 Order and Opinion.

The specific documents which have never been considered by the district court are as follows:

- Plaintiff's brief on her motion for reconsideration, PA300-317.

- New York City police documents obtained by the City after oral argument on the motion to dismiss, PA319-65.

- Documents from the Medical Examiner, PA378, PA381-96.

- A document from Maple Grove Park Cemetery, PA398.

- The deposition transcript of the deposition of Aree Booker, PA400-447.

- The City's brief in Opposition to the motion for reconsideration, as well as exhibits submitted by the City in connection with that motion. PA449-69.

- The brief in Opposition filed by Eternity Funeral Services, LLC. PA470-76.

In addition, Plaintiff's Brief *on this appeal* is interspersed with references to these newly-submitted, never-considered documents. Plaintiff incorporates these items into her statement of facts as if they were part of the actual factual record considered by the district court; thereby intending that this Court should also base its decision on such documents even though the district court never got that opportunity. There are specific, multiple references to New York City police department's investigation materials. *See, e.g.*, Plaintiff's Brief at pp. 7.[3] There are also references to Medical Examiner's documents that were never before the district court. PB8. There are references to the deposition of Aree Booker that was never before the district court. *Id.* In addition to incorporating the documents into the overall facts, Plaintiff's arguments *on this appeal*, seeking the reversal of the district court's Order of dismissal, are also based, in part, on these newly-submitted, never-considered documents. *See, e.g.*, PB15.

---

[3]   The Plaintiff's Brief will be abbreviated herein as "PB".

**RELIEF SOUGHT**

The City respectfully requests that this Court strike the documents in Plaintiff's Appendix numbered: PA300-317, PA319-65, PA378, PA381-96, PA398, PA400-447, PA449-69, and PA470-76. The City further requests that the Court strike any reference to such documents in Plaintiff's Brief or any arguments derived from such documents. Finally, the City requests that the deadline for it to file its merits brief be tolled until after this motion is decided. The City should only be required to address those documents and arguments that were before the district court in the first instance and which framed the issues that the district court ultimately decided.

**LEGAL ARGUMENT**

Plaintiff should not have included documents in her Appendix that were not part of the record below. Nor should Plaintiff have offered legal arguments based upon such documents. This is because it is improper to include documents in her Appendix that were not submitted to the district court in the context of the matter on appeal. *See, Melton v. City of Phila.*, 344 Fed. Appx. 806, 810 (3d Cir. 2009); *Bath Junkie Branson, LLC v. Bath Junkie, Inc.*, 528 F.3d 558, 560 (8th Cir. 2008)(striking supplemental appendix containing documents that were not considered by the district court and portions of the reply brief relying on the documents ); *Gosselin v. Cunningham*, 915 F.2d 1557 (1st Cir. 1990)(striking pages from appendix and references to appendix in brief because it was not before the district court at the time it entered summary

6

judgment)).

As to materials not before the district court, this Court has offered the fundamental observation that, "It is elementary that this court cannot consider any material that is not part of the record." *United States v. Donsky*, 825 F.2d 746, 749 (3d Cir. 1987), *citing, United States ex rel. Bradshaw v. Allredge*, 432 F.2d 1248 (3d Cir. 1970); *see Fed. R. App. P*. 10(a); 30(a). *See also, Fassett v. Delta Kappa Epsilon (New York),* 807 F.2d 1150, 1165 (3d Cir.1986) ("The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court.").

In *Sewak v. INS,* 900 F.2d 667, 673 (3d Cir.1990), this Court stated that "[a]s an appellate court we do not take testimony, hear evidence or determine disputed facts in the first instance. Instead, we rely upon a record developed in those fora that do take evidence and find facts." *See also, United States ex rel. Mulvaney v. Rush,* 487 F.2d 684, 687 (3d Cir.1973) ("We are not a fact-finding body. We are entitled to have the judgment of the district court both as to findings of fact and conclusions of law....").

In *Hill v. City Of Philadelphia*, 331 Fed. Appx. 138, 141-42 (3d Cir. 2009), this Court reiterated its "general principal" that "we do not review evidence or issues that a party did not first present to the district court. . . . We will not consider such evidence in rendering our decision."

7

Recall that the City sought dismissal in the district court *on the pleadings*. The district court was aware of that fact because it specifically observed in its opinion, "As the Court said during oral argument, matters outside of the complaint would be considered to the extent that they did no violence to the dismissal standard or the Federal Rules in generally." PA5. The district court also recognized that the City was *not* seeking summary judgment. *Id*. Thus, the district court rendered its decision based upon a review of the pleadings and not based upon a full summary judgment record. Plaintiff would have this Court review the matter on appeal from the standpoint of summary judgment on a partial factual record when, in actuality, the district court was only concerned with the sufficiency of the Plaintiff's complaint.

The significant body of precedent cited above compels the striking of those documents in the Plaintiff's Appendix that were not before the district court when it issued its Order and Opinion. Neither this Court, nor the City, should have to address Plaintiff's arguments seeking reversal based upon such documents.

Furthermore, by including in her appendix a number of items that were not part of the district court record relative to the Order and Opinion on appeal, Plaintiff violates several provisions of the *Federal Rules of Appellate Procedure*. Specifically, *Rule 10(a)* states that the record on appeal is composed of:

> The original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court....

8

*Federal Rule of Appellate Procedure 30*, entitled "Appendix to the Briefs," limits the contents of a party's appendix to that which is contained in the record before the district court.

## CONCLUSION

For these reasons, the City respectfully submits that its motion to strike be granted and that the time for the City to file its merit brief be tolled until this motion is decided.

>Respectfully submitted,
>KAREN BROWN
>CORPORATION COUNSEL
>
>By: _/s/ Gary S. Lipshutz_____
>　　　Gary S. Lipshutz
>　　　Assistant Corporation Counsel

Dated: July 25, 2014